# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JULIAN J. MILLER,

                Plaintiff,

      -vs-                              Case No.   09-C-1012

OFFICER A. GONZALEZ and OFFICER STANGE,

                Defendants.

## DECISION AND ORDER

In a Decision and Order entered July 21, 2011, the court granted the defendants' motion for summary judgment and dismissed this case; judgment was entered the same day. Now before the court are the plaintiff's motion for reconsideration and three other filings by the plaintiff that have been docketed as the plaintiff's motion for extension of time to file motion for IFP, the plaintiff's motion for leave to appeal *in forma pauperis*, the plaintiff's second motion for leave to appeal *in forma pauperis*.

### I. MOTION FOR RECONSIDERATION

On August 11, 2011, the plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). A motion to alter or amend a judgment pursuant to Rule 59(e), serves three limited purposes in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir.

1996); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The purpose of the rule is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986).

First, the plaintiff argues that the court made a determination that the defendants' evidence, especially Officer Gonzalez's version of events, was more credible than the plaintiff's version. The court's statement that he believes was a credibility determination relates solely to the plaintiff's assertion that Officer Gonzalez *intentionally* aimed for and landed on the plaintiff's jaw. The court determined that plaintiff did not have personal knowledge regarding Officer Gonzalez's intent and, based on the undisputed facts presented, an inference of intent would have been "far fectched."

Second, the plaintiff argues that he presented evidence that cast sufficient doubt on the veracity of the version of events presented by Officers Gonzalez and Stange. He argues that there are discrepancies between the officer's police report and his deposition testimony given almost seven years later. He suggests that the affidavits submitted in support of the defendants' motion for summary judgment were "sham" affidavits. Accordingly, the plaintiff submits that there are disputed issues of material fact that preclude summary judgment. However, these are the same arguments he made in opposition to the defendants' motion for summary judgment.

The plaintiff does not present newly discovered evidence. Nor does he

2

establish a manifest error of law or an intervening change in the law. His motion will be denied.

## II. LEAVE TO APPEAL *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act (PLRA), a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $455.00 filing fee in advance for an appeal, he can request leave to proceed *in forma pauperis*. To proceed with an appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less. *Id.*

On August 19, 2011, the plaintiff filed a Notice of Appeal, but he did not file with it a motion for leave to appeal *in forma pauperis*. He was directed to file such a motion

3

within fourteen days. On September 1, 2011, the plaintiff filed both a motion for extension of time and a motion for leave to appeal *in forma pauperis*. He explained that he did not yet have the notarized affidavit in support of his petition. The next day, the court received a document that was docketed as a second motion for leave to appeal *in forma pauperis*. The court will deny as moot the second motion for leave to appeal *in forma pauperis* because it was actually the plaintiff's affidavit accompanying his motion for permission to appeal *in forma pauperis*. Also, because his motion for leave to appeal *in forma pauperis* was timely filed, the motion for extension of time will be denied as moot.

The court will grant the plaintiff's motion for leave to appeal *in forma pauperis*. A plaintiff who was allowed to proceed *in forma pauperis* in the district court does not ordinarily need to provide reasons for an appeal. *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999). In considering the plaintiff's motion for leave to proceed *in forma pauperis* before the district court, it was determined that the plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, this court does not find any indication that the plaintiff's appeal is not taken in good faith.

In addition to his motion for leave to appeal *in forma pauperis*, the plaintiff filed the required affidavit and a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff is required to pay an initial partial filing fee of $11.45,

4

as well as additional payments pursuant to 28 U.S.C. § 1915(b)(2). *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

### III. ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket #64) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #72) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Docket #73) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's second motion for leave to appeal *in forma pauperis* (Docket #74) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that by **Monday, December 12, 2011**, the plaintiff shall forward to the Clerk of Court the sum of $11.45 as the initial partial filing fee in this appeal. The plaintiff's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee ($443.55) by collecting

5

monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2011.

**BY THE COURT**:

*Rudolph T. Randa*
_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**