# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JULIAN J. MILLER,

        Plaintiff,

-vs-                                 Case No. 09-C-1012

OFFICER A. GONZALEZ and OFFICER STANGE,

        Defendants.

## DECISION AND ORDER

This Court granted the defendants' motion for summary judgment and dismissed this case in a Decision and Order entered July 21, 2011, and judgment was entered the same day. Additionally, on November 10, 2011, the Court denied the plaintiff's motion for reconsideration and granted the plaintiff leave to appeal *in forma pauperis*. The plaintiff subsequently filed a motion for relief under Federal Rule of Procedure 60(b) on January 31, 2012, a motion for status on March 8, 2012, and a motion to supplement his previously filed motion for relief on April 5, 2012. Finally, on July 5, 2012, the plaintiff filed a document entitled "Notice of Intent to Appeal," in which he asks the court to enter judgment with regard to his Rule 60(b) motion and everything he filed after that motion so that he can appeal that decision as well.

Rule 60(b) of the Federal Rules of Civil Procedure enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. *Russell v.*

*Delco Remy Div. of Gen. Motors*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As an initial matter, the Court will grant the plaintiff's motion to supplement his previously filed motion for relief. The Court has considered the documents the plaintiff filed on April 5, 2012, in conjunction with the plaintiff's original motion for relief and will address the plaintiff's arguments together.

The plaintiff presents police reports and victim statements regarding the stabbing the defendants were investigating before they encountered the plaintiff. He deems this newly discovered evidence and argues that he took reasonable steps to obtain these documents, but was unable to obtain them until after judgment was entered in this case. The plaintiff argues that consideration of this information, namely the stabbing witness's report that the suspect was white, would change the outcome of the defendants' motion for summary judgment, which was granted July 21, 2011.

The defendants argue that the plaintiff has failed to show that he exercised reasonable diligence in obtaining the new evidence to warrant reopening summary judgment.

2

They maintain that all of this newly discovered information was available to the plaintiff prior to July 2010 and that he has failed to offer any explanation for why it could not have been obtained and presented prior to the entry of summary judgment in this case.

The defendants further contend that even if the Court considered the information now presented, the result of the Court's July 21, 2011, Decision and Order would not change. They recite the evidence, presented at summary judgment, that the suspect was described as wearing a ski mask and driving a red vehicle, and that Officer Gonzalez found the plaintiff's red vehicle idling in the corner of a nearby gas station parking lot. When Officer Gonzalez approached the plaintiff, the plaintiff was acting "fidgety" and then ran when Officer Gonzalez asked him to take his hands out of his pockets and instructed him not to run. Thus began the plaintiff's flight from the officers and the chase that resulted in the alleged incident of excessive force.

The plaintiff insists that the defendants jumped the gun by the filing their motion for summary judgment early, before the plaintiff was able to obtain police reports and witness statements regarding the stabbing. He argues that the defendants caused incomplete discovery and received a windfall when the Court considered the defendants' motion for summary judgment without that information.

Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center*, 411 F.3d 831, 837 (7th Cir. 2005)). In assessing whether relief

3

is appropriate, the Court must balance the competing policies of determining cases on their true merits against the desire to preserve *res judicata* and achieve finality in litigation. Wright, Miller & Kane, Federal Practice and Procedure § 2857 (1995). Relief under Rule 60(b) is "essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984). Accordingly, a court has wide discretion in determining whether a case should be reinstated under Rule 60(b). *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (District court's decision not to reinstate a case under Rule 60(b) is "discretion piled on discretion.") (internal quotes omitted).

The Court need not resolve whether the plaintiff used reasonable due diligence in obtaining the police reports and witness statements regarding the stabbing because they do not provide information that would change the outcome of this case. The plaintiff's claim of excessive force related to the end of the chase, not to the reasonableness of the officers approaching the plaintiff before he fled. This case has already been determined on its true merits and, as such, there is no reason to consider disturbing the finality of this litigation. The plaintiff is not entitled to relief from judgment pursuant to Rule 60(b), and his motion for relief will be denied.

Additionally, the Court will deny the plaintiff's request for the Court to enter judgment on his motion for relief. Judgment has already been entered in this case, and the Court does not enter separate judgments after the denial of post-judgment motions. The

4

plaintiff's motion for status will be denied as moot because the plaintiff's motion for relief has been decided in this order.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for relief (Docket #77) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for status (Docket #81) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement his previously filed motion for relief (Docket #83) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for the Court to enter judgment (Docket #87) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2012.

**SO ORDERED,**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**