# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JULIAN J. MILLER,**

    Plaintiff,

-vs-                                        Case No. 09-CV-1012

**OFFICER ALBERT B. GONZALEZ,**

    Defendants.

# DECISION AND ORDER

This matter is now before the Court on the plaintiff's motion to compel. He asks for an order directing the City of Kenosha to produce documents contained within defendant Officer Gonzalez's personnel file and documents relating to another federal civil rights case, *Estate of Michael Edward Bell, et al. v. Officer Erich Strausbaugh, et al.*, E.D. Wis. Case No. 02:05-CV-01176-CNC (the "Bell file"). The plaintiff requested these documents in a subpoena duces tecum and, when they were not produced, conferred with the defendant before bringing this motion to compel.

The plaintiff submits that Officer Gonzalez's personnel file and the Bell file are discoverable because they may contain records regarding past incidents of excessive force, which are potentially relevant to Officer Gonzalez's intent. Although Officer Gonzalez was exonerated in each of

the six citizen complaints mentioned, he admits that they included four alleged incidents of "excessive force" and one alleged "harassment." (ECF No. 114, Exhibit H, p. 2). The plaintiff emphasizes that Officer Gonzalez's objections are really based on the admissibility of the evidence, not the broad scope of relevance for discovery under Federal Rule of Civil Procedure 26(b)(1).

The defendant has offered to submit certain documents for in camera review, but the defendant believes Officer Gonzalez's personnel file and the Bell file are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and have no probative value regarding the plaintiff's claims. The Court notes that one of the defendant's main objections to disclosure of the Bell file was that it would take hundreds of hours to go through all of the documents and create a privilege log, but that log has now been created. (ECF No. 114, Exhibit J).

"Information in [an officer's] personnel files containing any similar factual allegations regarding excessive force or failure to intervene, including disciplinary records, may lead to the discovery of admissible evidence to show motive, intent, absence of mistake or accident, and/or modus operandi." *Simpson v. Langer*, No. 12-C-500, 2014 WL 317841, at *2 (E.D. Wis. Jan. 28, 2014) (citing Fed. R. Evid. 404(b)). The Court

concludes that the information the plaintiff requests may lead to evidence that is admissible as permissible "other acts" evidence.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to compel (ECF No. 113) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant shall supplement his response to provide the materials requested in the September 10, 2015, subpoena duces tecum within ten (10) days of this Order.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2016.

        **BY THE COURT:**

        _Rudolph T. Randa_
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**