UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JULIAN J. MILLER,

    Plaintiff,

v.

OFFICER ALBERT B. GONZALEZ, et al.,

    Defendants.

Case No.: 09-CV-1012

---

# PLAINTIFF'S MOTIONS *IN LIMINE*

---

Plaintiff, Julian J. Miller, ("Miller") by his attorneys, Husch Blackwell LLP, hereby moves *in limine* for the following Orders from the Court:

## I. MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S PRIOR ARRESTS, CONVICTIONS, OR CRIMINAL HISTORY.

Miller moves to exclude any evidence of his prior arrests, criminal convictions, or criminal history. Miller anticipates that the Defendant will attempt to introduce evidence of his prior arrests, convictions, and/or criminal history under Federal Rule of Evidence 609 and hereby objects to the admission of these arrests, convictions, and criminal history. Fed. R. Evid. 609(a).

Federal Rule of Evidence 609 allows a party to attack a witness's character for truthfulness by admitting evidence of a conviction for a crime punishable by imprisonment for more than a year, subject to Rule 403. "If '10 years have passed since the witness's conviction or release from confinement, whichever is later', the evidence of the conviction is only admissible, if, among other things, 'its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.'" *Jones v. City of Chicago*, No. 14-CV-4023, 2017 WL 413613, at *9 (N.D. Ill. Jan. 31, 2017) (citing Fed. R. Evid. 609(b)(1)).

For any convictions and/or criminal history not evaluated under Rule 609(b)(1), Federal Rule of Evidence 403 requires the Court to determine whether the probative value of the proffered evidence is substantially outweighed by its prejudicial effect, when examining evidence proffered under Rule 609(a)(1)(A). The Seventh Circuit evaluates five considerations when weighing probative value against prejudicial effect in criminal cases: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004) (citing *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976)); *Buchanan v. McCann*, No. 08 C 7063, 2012 WL 1987917, at *1 (N.D. Ill. June 4, 2012); *Hill v. City of Chicago*, No. 06 C 6772, 2011 WL 2637214, at *1 (N.D. Ill. June 6, 2011). "While not all of those factors will apply in civil cases, the same general concerns may illuminate the court's analysis." *Buchanan*, 2012 WL 1987917, at *1. Courts have broad discretion under Rule 403. *Anderson v. City of Chicago*, No. 09 C 2311, 2010 WL 4928875, at *1 (N.D. Ill. Nov. 30, 2010) (citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)). They should take care, however, "to ensure that a civil rights plaintiff's criminal past is not being used to unfairly prejudice him or her." *Id.* (quoting *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992)).

Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by consideration of undue delay, waste of time or needless presentation of cumulative evidence." *Heft v. Moore*, 351 F. 3d 278, 284 (7th Cir. 2003). "The reason for allowing cross-examination under Federal Rules of Evidence 609(a) is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth. Acts involving fraud or deceit clearly raise such doubt, while

2
MIL-2853932-1  Case 2:09-cv-01012-WCG   Filed 05/22/17   Page 2 of 7   Document 144

certain acts, such as murder, assault, or battery normally do not." *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990). Miller's prior criminal convictions have nothing to do with truthfulness. In particular, courts have recognized that "[m]urder does not implicate truthfulness". *See, e.g., Buchanan*, 2012 WL 1987917, at *1. Instead, the Defendant's only objectives by introducing this evidence is to mislead, confuse, and prejudice the jury against Miller. "[T]he offense of murder is not highly probative of credibility, and the risk of unfair prejudice would result from the admission of that evidence is substantial". *Jones v. Sheahan,* No. 99 C 3669, 01 C 1844, 2003 WL 21654279, at *2 (N.D. Ill. July 14, 2003). "Presenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers." *Barber v. City of Chicago,* 725 F.3d 702, 714 (7th Cir. 2013). If the jury learns of Miller's prior arrests, criminal convictions, or criminal history, they will likely focus on those events in assessing Miller's credibility, rather than consideration of the facts of the present case. This risks a defense verdict based solely on the fact that the jury is "appalled by" Miller's "prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent." *Earl v. Denny's, Inc.,* No. 01 C 5182, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002). The evidence is also likely to cause undue delay and waste time as the evidence of Miller's prior arrests, convictions, and criminal history are not relevant to the issues in the present case. *See* Fed. R. Evid. 402. Therefore, the evidence should be precluded under Federal Rules of Evidence 402 and 403.

If evidence of Miller's prior criminal convictions is permitted by the Court, Miller requests that the evidence be limited to a reference to "felony convictions" only and exclude any testimony, mention, innuendo, or questions regarding any of the details of Miller's prior criminal

3
MIL-2853932-1  Case 2:09-cv-01012-WCG   Filed 05/22/17   Page 3 of 7   Document 144

convictions. *United States v. Puckett*, 405 F.3d 589, 596 (7th Cir. 2005) (requiring the court to apply a balancing test to determine whether the probative value of prior convictions is substantially outweighed by their prejudicial impact). "[E]vidence is considered unfairly prejudicial, not merely because it damages the opposing party's case, but also because its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented…." *Thompson v. City of Chicago*, 472 F.3d 444, 456-57 (7th Cir. 2006) (citing *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989)). Here, any probative value of the details of Miller's prior criminal convictions is greatly outweighed by the prejudicial impact of the same. The risk of prejudice is especially salient in this case given the cumulative number of convictions at issue. *See, e.g., Wilson v. Groaning*, 25 F.3d 581, 585 (7th Cir. 1994) (reasoning that "it might be prejudicial to overload the factfinder by putting in all the convictions because the jury might well determine that as a result of having that many convictions, that regardless of how the facts come out, that [the plaintiff] is not deserving of any relief"). Juries tend to unfairly disfavor convicted criminals, especially with regard to violent crimes. Therefore, there is a great risk that the details of Miller's prior criminal convictions will prejudice the jury against Miller, causing them to find against him even if they feel the facts of this case prove his civil rights were violated.

## II. MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S UNRELATED LITIGATION AND UNRELATED GRIEVANCES.

Under Rule 404(b)(1), evidence is not admissible to prove that a person acted in accordance with a specific character. Application of Rule 403(b) in this case safeguards against the substantial danger of jury bias against the chronic litigant outweighs the slight probative value of a plaintiff's litigiousness. *See Gastineau v. Fleet Mortgage Co.*, 137 F.3d 490, 496 (7th Cir. 1998). The purpose of the Defendant introducing evidence of Miller's unrelated litigation and/or unrelated

grievances is to show his propensity for litigation and thus dilute the seriousness of the current litigation. As a result, there is substantial danger that the introduction of evidence of Miller's unrelated litigation and/or unrelated grievances will unfairly bias the jury against Miller.

Additionally, evidence of Miller's unrelated litigation and unrelated grievances have no relevance to any issue in this case and are therefore inadmissible under Rule 402.

Finally, under Federal Rules of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by consideration of undue delay, waste of time or needless presentation of cumulative evidence." *Heft v. Moore*, 351 F. 3d 278, 284 (7th Cir. 2003). Miller's unrelated litigation and unrelated grievances have no relevance to any issue in this case. The introduction of Miller's unrelated litigation and/or unrelated grievances will only cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, and waste the Court's time. Therefore, evidence of Miller's unrelated litigation and unrelated grievances should also be precluded under Rule 403.

### III. MOTION *IN LIMINE* FOR PLAINTIFF TO BE UNSHACKLED AND ATTIRED IN APPROPRIATE CIVILIAN CLOTHES WHILE IN THE PRESENCE OF THE JURY.

Miller requests to be unshackled and attired in appropriate civilian clothes at all times while in the presence of the jury. To require Miller to otherwise remain shackled and/or wearing his prison clothing, would greatly prejudice the jury against Miller. *See Maus v. Baker*, 747 F. 3d 926, 927 (7th Cir. 2014) (citing *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1968)) (recognizing that "between a litigant wearing prison garb and his opponent wearing law enforcement uniforms is likely to influence the jury against the prisoner, and has long been held as highly prejudicial"). Requiring Miller to remain shackled and/or wearing his prison clothing risks allowing

"impermissible factors coming into play." *Estelle v. Williams*, 425 U.S. 501, 505 (1976) (citing *Turner v. Louisiana*, 379 U.S. 466, 473 (1965)). Instead, as the Seventh Circuit recognizes, inmates are entitled to the minimum restraints necessary to maintain safety in the courtroom. *Lemons v. Skidmore*, 985 F. 2d 354, 359 (7th Cir. 1993). There is no evidence to support a need that Miller be shackled while in the courtroom. Here, the presence of court security and law enforcement render the use of restraints unnecessary.

### IV. MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO THE POLICE OFFICERS AS "EXPERTS" AND TO PRECLUDE POLICE OFFICERS FROM PROVIDING EXPERT OPINIONS

As the Defense did not disclose any of its police officer witnesses in its Rule 26 expert disclosures, Miller requests that the Defense be precluded from referring to the police officers as "experts". For the same reason, Miller requests that the police officers be precluded from providing expert opinions.

### V. MOTION *IN LIMINE* TO EXCLUDE WITNESSES FROM THE COURTROOM.

Miller requests that all non-party witnesses be excluded from the courtroom. Under Federal Rule of Evidence 615, at the request of a party, or on its own motion, the Court must exclude witnesses – other than parties and persons "essential" to the party's case – from the courtroom to prevent those witnesses from hearing each other's testimony. The purpose of this rule is to preserve accurate testimony by limiting the witnesses ability to alter their testimony to fit the narrative presented by prior witnesses, thereby discouraging fabrication, inaccuracy, and collusion. *See* Fed. R. Evid. 615 (advisory committee note). Unless the witness is within one of the four exempt categories provided in Rule 615, the Court must grant a party's request to exclude a witness during trial as a matter of right. *Id*.

## VI. MOTION *IN LIMINE* TO EXCLUDE THE FACT THAT PLAINTIFF'S COUNSEL IS HANDLING THIS CASE *PRO BONO*.

Under Federal Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by consideration of undue delay, waste of time or needless presentation of cumulative evidence." *Heft v. Moore*, 351 F. 3d 278, 284 (7th Cir. 2003). Here, evidence of Plaintiff's counsel being retained *pro bono* will likely unfairly prejudice Miller as the jury will assume that the merits of the case was not strong enough to warrant consideration by a paid attorney.

Dated this 22nd day of May, 2017.

HUSCH BLACKWELL LLP
Attorneys for Plaintiff

By: s/ James C. Remington
Charles H. Bohl
WI State Bar No. 1000239
James C. Remington
WI State Bar No. 1079773
Robert W. Sanders
WI State Bar No. 1081802

P.O. ADDRESS:
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
414-273-2100
414-223-5000 (fax)
Charles.Bohl@huschblackwell.com
Jake.Remington@huschblackwell.com
Robert.Sanders@huschblackwell.com