UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JULIAN J. MILLER,

    Plaintiff,

v.                                                            Case No. 09-C-1012

ALBERT B. GONZALES,

    Defendant.

## JURY TRIAL MINUTES
### Hon. William C. Griesbach, Presiding

DATE: **June 12-13, 2017 (2 days)**

Plaintiff's Counsel:       Robert W. Sanders / James C. Remington

Defendant's Counsel:     Gino M. Alia


Court Reporter:          Sheryl Stawski

Deputy Clerk:           Linda M. Zik

Page **1** of **8**

Case 2:09-cv-01012-WCG   Filed 06/12/17   Page 1 of 8   Document 159

**CONTINUED JURY TRIAL MINUTES**
**Julian J. Miller v Albert B. Gonzales**
**Case No. 09-C-1012**

## MONDAY, June 12, 2017 – DAY 1

Pretrial conference conducted (off the record) with Court and Counsel – All exhibits received

9:20    Jury panel enters.

9:21    Case called; appearances noted.

9:22    Court addresses the jury.

9:25    Voir dire begins. Jury panel sworn.

9:48    Jury strikes begin.

10:00    Court reads 8 juror names selected.

10:01    Balance of jury panel exits.

10:02    Recess.

10:15    Reconvene. Court notes that prior to calling the case the parties submitted a joint exhibit list and all exhibits have been received.

10:17    Jury enters and is sworn.

10:18    Plaintiff's opening statement.

10:25    Defendant's opening statement.

10:44    **Julian J. Miller (Plaintiff)** – direct by plaintiff

        *Exhibit 13 addressed and published*

11:01    Defendant's cross-exam.

        *Exhibit 12 addressed (deposition) – page 30 lines 13–25; page 50 lines 8–14*
        *Exhibit 34 addressed – paragraph 26*
        *Exhibit 12 addressed (deposition) - page 57 line 17 to page 58 line 13*

11:30    Plaintiff's re-direct.

11:34    Witness excused.

11:35  **Officer Albert B. Gonzales (Kenosha Police Department)** – clarification by plaintiff

      *Exhibit 1 addressed*
      *Exhibit 32 addressed*
      *Exhibit 35 addressed*

11:53  Witness excused.

11:54  Jury exits.

11:54  Defense counsel addresses the proper spelling of Officer Gonzales' last name. Court orders the caption of the case modified to reflect the proper spelling of Officer Gonzales' name.

11:55  Recess.

1:08  Reconvene. Jury enters.

1:10  **Officer Shane Stange (formerly with Kenosha Police Department)** – direct by plaintiff

1:20  Cross-exam by defendant.

1:29  Re-direct by plaintiff.

1:34  Witness excused.

1:35  **Joseph Alan Smith (citizen witness)** – direct by plaintiff

1:41  Defendant's cross-exam.

1:42  Witness excused.

1:44  **Dr. Leon Kazarian (plaintiff's expert witness)** – direct by plaintiff

      *Exhibit 13 addressed*

2:02  Defendant's cross-exam.

      *Exhibit 20 (deposition) addressed – Page 75, lines 6-10 and Page 79, lines 16–18,*
      *Exhibit 26 addressed – page 1 of report*
      *Exhibit 31 addressed*
      *Exhibit 20 (deposition) - Page 123 lines 18- 21, page 77 lines 1-4*
      *Exhibit 20 - Page 41 lines 9 –18*

    *Exhibit 20 - Page 50 lines 20–25*
    *Exhibit 20 - Page 51 lines 6–17*

2:18    Plaintiff's re-direct.

2:21    Witness excused. Jury exits.

2:22    Plaintiff rests. Defense has officer Gonzales to testify today and the defense expert to testify tomorrow. Defense has a motion for judgment as a matter of law. Court states it will likely deny it given the nature of the case. Court asks defense counsel to argue his motion now.

2:25    Defendant's Rule 50 motion argument. They did not have an expert with the first summary judgment motion.

2:28    Plaintiff's argument in opposition.

2:29    Defendant's reply.

2:30    Court's analysis denying defendant's motion. There is sufficient evidence in which the jury could determine the officer's action was intentional.

2:33    Recess.

2:50    Reconvene. Jury enters.

2:52    Court notes plaintiff rested.

2:53    **Officer Albert B. Gonzales (Kenosha Police Department)** – direct by defense

    *Exhibit 8 addressed*
    *Exhibit 10 addressed*

3:16    Plaintiff's cross-exam.

    *Exhibit 1 addressed*

3:26    Defendant's re-direct.

3:28    Witness excused.

3:29    Jury exits for the day to return at 9:00 a.m. tomorrow.

3:29   Recess.

3:48   Informal Jury Instruction Conference (off the record).

       Form of Verdict:
           Plaintiff: No objection
           Defendant: Has objection; Plaintiff's response
           Court's analysis – a record can be made - Court overrules the objection

       Jury Instructions – they are all pattern instructions:
           "Intent" discussion involves the circumstances surrounding it
           Punitive damages instruction
               Plaintiff – take it out
               Court will take it out – there is no evidence of it

       Additional Verdict discussion

Court notes copies of jury instructions go to the jury (4 copies with exhibits).

Defendant states as few exhibits as possible should go to the jury or wait for the jury to ask for them.

Plaintiff proposes sending back those that have been admitted (other than depositions).

Court would consider giving the jury exhibits 1, 13, and paragraph 26 of exhibit 34.

Court will give a cautionary instruction regarding a criminal record.

4:05   Recess.

## TUESDAY, June 13, 2017 – Day 2

9:03   Case called; appearances noted.

       Plaintiff wants exhibits 1 and 13 (redacted) to go to the jury when deliberating.

       Court will address it at the end of trial.
       Defense will request that no exhibits go to jury unless requested.

9:04   Jury enters.

9:06 **Dr. Andrew John Rentschler (defendant's expert witness)** – direct by defendant

*Exhibit 27 – witness CV addressed*
*Exhibit 28 – witness report*

9:16 Plaintiff's cross-exam.

*Exhibit 13 published*
*Exhibit 28 addressed – page 7*
*Exhibit 30 published*

9:35 Defendant's re-direct.

9:37 Witness excused.

9:37 Defense rests. No rebuttal.

9:38 Jury exits.

9:39 Court notes a brief off the record jury instruction conference was held yesterday afternoon.

Form of Verdict – No objections by counsel
Jury Instructions - No objections by counsel and no additional ones requested

Court will instruct first – then closing arguments.

Exhibits:
Plaintiff submits a redacted version of exhibit 13 and would like it go to the jury while deliberating along with exhibit 1.

Defendant objects to any exhibit going to the jury unless requested. Sending them back emphasizes those exhibits.

Further argument by the parties.

Court states nothing will be sent back at this point. If requested then they will be sent back but the Court has a problem with the depositions. The Jury is to identify which exhibits they want.

Plaintiff notes a juror was dozing off yesterday. Court addresses this.

9:47 Recess.

9:59  Reconvene.

10:00  Jury enters.

10:01  Court's Jury Instructions given.

10:16  Side bar conference.

10:18  Plaintiff's closing argument.

10:31  Defendant's closing argument.

10:50  Plaintiff's rebuttal closing.

10:52  Court's final Jury Instructions given.

10:57  Bailiff sworn.

10:58  Jury exits to begin deliberations.

10:58  Plaintiff states defendant's closing argument mentioned exhibit 1 and asks that it be sent back to the jury. Counsel provides 7th Circuit Court of Appeals decision *Deicher/Mezera v City of Evansville, et al.,* Case No. 07-2092, (specifically page 17) decided September 19, 2008.

Defendant's position remains the same.

Court will submit exhibits 1 & 13.

Defendant asks that in addition to those that exhibits 8, 10 and 2 go back also.

Exhibits sent to the jury room during deliberations:
  1
  2 (page 1 only)
  8
  10
  13 (redacted)

11:07  Recess.

1:10  Reconvene for jury verdict.

Plaintiff requests permission to speak with the jurors.

       Court will address the jurors regarding this.

1:12    Jury enters.

1:12    Court reads Verdict.
        Question 1 – Answer "No." The remaining two questions are not answered.

1:13    Court thanks the jurors for their service and addresses them about counsel desiring to speak to them telling the jurors it is up to them.

1:14    Jury exits.

       Court orders judgment of dismissal by the Clerk on the jury's verdict.

       Court states exhibits referred to should be retained but depositions should be returned to counsel.

       Counsel agree.

       Defense counsel asks about photos with depositions. Court tells counsel to talk to the clerk about exhibits.

1:17    Adjourned.

Counsel agree that the Court retain the following exhibits:
    1
    2 (page1)
    8
    10
    13 (redacted)
    31
    32
    34
    35
    37

All remaining exhibits returned to plaintiff's counsel.

3 jurors agree to speak to counsel. Counsel talks to them in the jury room.